DREIER STEIN KAHAN
  BROWNE WOODS GEORGE LLP
William A. Finkelstein (No. 213382)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404
Telephone: (424) 202-6052
Facsimile: (424) 202-6252

KAWAHITO & SHRAGA LLP
David R. Shraga (No. 229098)
11835 W. Olympic Blvd. Suite 925
Los Angeles, CA 90064
Telephone: (310) 746-5301
Facsimile: (310) 593-2520
david@kawahitoshraga.com

PATTISHALL, MCAULIFFE, NEWBURY,
  HILLIARD & GERALDSON LLP
Jonathan S. Jennings (*pro hac vice* application pending)
J. Michael Monahan, II (*pro hac vice* application pending)
David C. Hilliard (*pro hac vice* application pending)
311 South Wacker Drive
Suite 5000
Chicago, IL 60606
Telephone: (312) 554-8000

Attorneys for Plaintiff,
PEPSICO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV09- 00751 DDP (RZx)

| | |
|---|---|
| PEPSICO, INC., a North Carolina corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>J.T. SANIYA, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT;**<br><br>**(2) TRADEMARK INFRINGEMENT IN VIOLATION OF CALIFORNIA COMMON LAW;**<br><br>**(3) UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT;**<br><br>**(4) UNFAIR COMPETITION IN** |

COMPLAINT

**VIOLATION OF CALIFORNIA
BUSINESS & PROFESSIONS
CODE SECTIONS 17200, *ET
SEQ.*;**

**(5) TRADEMARK DILUTION IN
VIOLATION OF SECTION 43(C)
OF THE LANHAM ACT; AND**

**(6) DILUTION IN VIOLATION OF
CALIFORNIA BUSINESS &
PROFESSIONS CODE SECTION
14247**

Plaintiff, PepsiCo, Inc., alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction because this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1141 (the "Lanham Act"), and 15 U.S.C. § 1121 and, therefore, 28 U.S.C. § 1338(a) and (b) confer jurisdiction.  Jurisdiction for the California state statutory claims is proper under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this Court under 28 U.S.C. § 1391(a) because, on information and belief, defendants reside in this judicial district, or under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

3.      This Court has personal jurisdiction over defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and California Code of Civil Procedure § 410.10 in that defendants are physically present in California and regularly conduct business in California.

## PARTIES

4.      Plaintiff, PepsiCo, Inc. ("PepsiCo"), is a North Carolina corporation with its principal place of business in Purchase, New York.

5.      On information and belief, Defendant, J.T. Saniya, Inc., is a corporation organized under the laws of California and is doing business in this

1    judicial district at 417 South San Pedro Street, Los Angeles, California 90013.

2            6.      PepsiCo is informed and believes and on that basis alleges that

3    defendants Does 1-10 (collectively, the "Doe Defendants"), are individuals and

4    business entities involved in the wrongful conduct complained of herein.  The

5    identity of these Doe Defendants presently is not and cannot be known to PepsiCo

6    but these persons and/or entities will be added as named defendants to this action as

7    and when they are identified.  Unless otherwise indicated, J.T. Saniya, Inc. and the

8    Doe Defendants are referenced collectively herein as "Defendant."

9        **PEPSICO AND THE PEPSI, DIET PEPSI, MOUNTAIN DEW,**

10       **SIERRA MIST AND AQUAFINA TRADEMARKS AND PRODUCTS**

11           7.      PepsiCo manufactures and markets beverage products

12   throughout the United States.

13           8.      Since long prior to the acts of Defendant complained of herein,

14   PepsiCo has adopted and made continuous use of the trademarks PEPSI, DIET

15   PEPSI, MOUNTAIN DEW and SIERRA MIST on their own, or with designs or

16   other variations, in connection with the manufacture, sale and advertising of soft

17   drinks.

18           9.      Since long prior to the acts of Defendant complained of herein,

19   PepsiCo also has adopted and made continuous use of the trademark AQUAFINA,

20   on its own or with designs or other variations, in connection with the manufacture,

21   sale and advertising of bottled drinking water.  The PEPSI, DIET PEPSI,

22   MOUNTAIN DEW, SIERRA MIST and AQUAFINA trademarks are hereinafter

23   referred to collectively as the "PEPSICO marks."  A photograph of authorized

24   bottles and cans of PepsiCo's soft drinks and bottled drinking water bearing the

25   PEPSICO marks is shown below (the "PEPSICO products"):

26

27

28

COMPLAINT



10.     PepsiCo owns, *inter alia*, the following federal trademark registrations, among many others, issued by the United States Patent and Trademark Office for the PEPSICO marks used in connection with its PEPSICO products:

| MARK | REG. NO. | REG. DATE | GOODS |
|------|----------|-----------|-------|
| *Pepsi-Cola* | 349,886 | Sep. 14, 1937 | Beverages and syrups for the manufacture of such beverages |
| PEPSI | 824,150 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |
| PEPSI-COLA | 824,151 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |
|  | 824,153 | Feb. 14, 1967 | Soft drinks |

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| PEPSI | 1,317,551 | Feb. 5, 1985 | Candles, key chains, can shaped telephones, umbrellas, drinking glasses, insulated bags for food, beverages and ice, beach towels, t-shirts, sweatshirts, baseball caps, embroidered patches for clothing, toy can banks, toy trucks, toy railroad cars, and toy soda dispensers |
|  | 2,100,417 | Sep. 23, 1997 | Soft drinks |
|  | 2,104,304 | Oct. 7, 1997 | Soft drinks |
|  | 2,817,604 | Feb. 24, 2004 | Soft drinks, and syrups and concentrates for making the same |
|  | 2,838,775 | May 4, 2004 | Soft drinks, and syrups and concentrates for making the same |
|  | 2,845,054 | May 25, 2004 | Backpacks, sports duffel bags, golf umbrellas, patio umbrellas, luggage tags, portable chairs, inflatable chairs, stadium cushions, sports bottles sold empty, portable beverage coolers, bottle openers, clothing, namely, jackets, knit shirts, sweatshirts, t-shirts, caps, golf balls, golf tees, toy flying saucers for toss games, soccer balls, balloons, yo-yos, bouncing balls |
| DIET PEPSI-COLA | 824,149 | Feb. 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof |

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| DIET PEPSI | 824,152 | Feb. 14, 1967 | Soft drinks and syrups for the preparation thereof |
| MOUNTAIN DEW | 820,362 | Dec. 13, 1966 | Soft drinks, and concentrates used in the preparation thereof |
|  | 2,509,558 | Nov. 20, 2001 | Soft drinks |
|  | 3,134,243 | Aug. 22, 2006 | Soft drinks |
| SIERRA MIST | 2,495,127 | Oct. 2, 2001 | Soft drinks |
|  | 2,580,465 | June 11, 2002 | Soft drinks |
|  | 3,143,628 | Sep. 12, 2006 | Lip balm, lip gloss |
| SIERRA MIST | 3,183,839 | Dec. 12, 2006 | Syrups, concentrates and salts used in the preparation of Soft drinks |
| AQUAFINA | 1,917,411 | Sep. 5, 1995 | Non-Carbonated water, table water |
|  | 2,506,189 | Nov. 13, 2001 | Drinking water |
|  | 2,509,365 | Nov. 20, 2001 | Drinking water |

COMPLAINT

Case 2:09-cv-00751-DDP-RZ   Document 1   Filed 01/30/09   Page 7 of 20   Page ID #:7

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
|  | 2,509,701 | Nov. 20, 2001 | Drinking water |
| AQUAFINA | 3,170,128 | Nov. 7, 2006 | Exfoliants for lips |
| AQUAFINA | 3,214,155 | Feb. 27, 2007 | Lip gloss, lip balm |
| AQUAFINA | 3,360,445 | Dec. 25, 2007 | Skin and face moisturizers |

These registrations are valid and subsisting, and Reg. Nos. 349,886; 824,150; 824,151; 2,100,417; 2,104,304; 824,149; 824,152; 824,153; 820,362; 2,509,558; 2,495,127; 2,580,465; 1,917,411; 2,509,365; and 2,509,701 are incontestable and constitute conclusive evidence of the validity of the marks and of PepsiCo's ownership of and exclusive right to use the PEPSICO marks subject to these registrations for the goods specified therein.  15 U.S.C. §§ 1065 and 1115(b).  The other registrations listed above constitute *prima facie* evidence of the validity of the PEPSICO marks covered by them and of PepsiCo's ownership of and exclusive right to use these marks for the listed goods.  15 U.S.C. § 1057(b).

11.   PepsiCo, through its authorized bottlers and licensees, has sold many billions of dollars worth of beverages and merchandise under the PEPSICO marks throughout the United States.

12.   PepsiCo has expended many hundreds of millions of dollars to advertise and promote its PEPSICO marks and PEPSICO products.

13.   As a result of these extensive sales, promotional efforts and advertising, the PEPSICO marks have become exceedingly famous among the general consuming public of the United States, represent extraordinarily valuable

COMPLAINT

1  goodwill owned by PepsiCo and are among the most widely recognized and famous

2  marks in the world.

3         14.     The PEPSICO products sold under the PEPSICO marks are

4  subject to a strict quality control program implemented by PepsiCo and its

5  authorized bottlers that protects and preserves all aspects of the PEPSICO products,

6  including their ingredients, nutritional content, taste, aroma, appearance and

7  packaging.

8         15.     PepsiCo and its authorized bottlers prohibit the sale under the

9  PEPSICO marks of beverages that do not meet these quality control standards.

10         16.     PepsiCo employs a strict and rigorous quality control program in

11  determining when and how to license the use of the PEPSICO marks for novelty

12  and promotional merchandise that permits only the manufacture and sale of

13  merchandise under these marks that meet the highest standards of safety and good

14  taste and that are consistent with PepsiCo's marketing programs, objectives and

15  brand image.

16         17.     PepsiCo and its licensees prohibit the sale under the PEPSICO

17  marks of merchandise that does not meet these quality control standards.

18        **DEFENDANT'S INFRINGING USE OF THE PEPSI,**

19        **DIET PEPSI, MOUNTAIN DEW, SIERRA MIST,**

20                **AND AQUAFINA MARKS**

21         18.     On information and belief, Defendant is in the business of

22  manufacturing, marketing and selling, diversionary concealment devices, including

23  bottle safes and can safes created from other companies' original packaging and

24  bearing the other companies' trademarks.

25         19.     Defendant markets bottle safes bearing the PEPSI, DIET PEPSI,

26  MOUNTAIN DEW and AQUAFINA marks and can safes bearing the PEPSI,

27  DIET PEPSI, MOUNTAIN DEW and SIERRA MIST marks that are manufactured

28

COMPLAINT

from legitimate PEPSICO products ("Infringing Bottle Safes" and "Infringing Can Safes," respectively, collectively referred to herein as "Infringing Safes").

20.   A photograph of some of Defendant's Infringing Safes is shown below:



21.   Defendant's Infringing Safes are visually identical to PepsiCo's legitimate PEPSICO products.  Photographs of Defendant's Infringing Safes and legitimate PEPSICO products are shown below (the Infringing Safes are on the right and the genuine products are on the left):

COMPLAINT

 

22.    The Infringing Safes are manufactured by converting legitimate PEPSICO products into new products, namely, safes indistinguishable from the genuine product that contain hidden compartments for concealing small items or substances in plain sight.

23.    The Infringing Bottle Safes contain a hidden interior compartment created from the molding of two pieces of plastic that stop the liquids at the top and bottom of the Infringing Bottle Safes from entering this hidden interior compartment, which can be accessed by twisting and pulling the Infringing Bottle Safes apart.  A photograph of an Infringing Bottle Safe that demonstrates its conversion from a legitimate PEPSICO product appears below:



COMPLAINT

24.     The Infringing Can Safes incorporate a secret compartment that is accessible by twisting off the top of the Infringing Can Safe.  Consequently, the Infringing Can Safes have sharp interior edges that can cut people who use the products.  A photograph of an Infringing Can Safe that demonstrates its conversion from a legitimate PEPSICO product appear below:



25.     The Infringing Safes bear information about PepsiCo, including PepsiCo's web site address, street address and a telephone number at which to contact PepsiCo.

26.     On information and belief, such Infringing Safes are a concern to law enforcement authorities because they can be used to conceal illicit narcotics, other substances, and/or even weapons and can contain potentially toxic or harmful liquids.

27.     On information and belief, consumers who encounter the Infringing Safes post-sale cannot distinguish them from legitimate PEPSICO products in appearance, and many of the Infringing Safes are filled with filler material making them indistinguishable by weight from legitimate PEPSICO products.

28.     The Infringing Safes contain no references to Defendant or to the fact that these products are not legitimate PEPSICO products, nor do the

COMPLAINT

Infringing Safes indicate that PEPSICO does not authorize the sale of these products.

      29.    On information and belief, there is a strong likelihood that consumers – either those who buy the Infringing Safes themselves or those who encounter these products post-sale – will mistakenly believe that PepsiCo manufactures, distributes and/or sells the Infringing Safes or, at the very least, authorizes their sale.

      30.    Defendant actively advertises its Infringing Safes with pipes, grinders, smoking papers and other products used in conjunction with illicit narcotics such as scales and book safes.  Scanned images of specific pages advertising the Infringing Safes from one of Defendant's catalogs appear below:



      31.    The association of the PEPSICO marks with products used in conjunction with illicit narcotics is abhorrent to PepsiCo and will cause consumers to be upset with PepsiCo and dissatisfied with the PEPSICO products as well as the merchandise licensed by PepsiCo under the PEPSICO marks.

COMPLAINT

32.     On information and belief, Defendant's aforesaid acts are for the purpose of trading upon PepsiCo's goodwill in the PEPSICO marks and PepsiCo's business reputation, with the intention of creating consumer confusion over the source and origin of the Infringing Safes and to give them a salability they otherwise would not have.

33.     PepsiCo has not consented to Defendant's manufacture, distribution, advertising and sale of the Infringing Safes.

34.     Defendant's manufacture, distribution, advertising and sale of the Infringing Safes damage PepsiCo's goodwill in the PEPSICO marks, harm PepsiCo's business reputation and will cause consumers who encounter them to be alarmed and angry with PepsiCo's legitimate PEPSICO products.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement In Violation Of Section 32 Of The Lanham Act)**

35.     PepsiCo re-alleges paragraphs 1 through 34, as if fully set forth herein.

36.     Defendant's acts have caused or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of the Infringing Safes, in that purchasers and others in this judicial district and elsewhere in the United States are likely to believe PepsiCo authorizes and controls the sale of the Infringing Safes or that Defendant is associated with or related to PepsiCo or authorized by PepsiCo to sell legitimate PEPSICO products.

37.     On information and belief, Defendant's acts have injured PepsiCo's image and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion about, and dissatisfaction with, PepsiCo's legitimate PEPSICO products.

38.     Defendant's advertising and sale of the Infringing Safes constitute trademark infringement of the PEPSICO marks in violation of Section 32 of the Lanham Act.  15 U.S.C. § 1114.

COMPLAINT

39.   Defendant's acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law.  Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendant from manufacturing, advertising and selling the Infringing Safes.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement In Violation Of California Common Law)

40.   PepsiCo re-alleges paragraphs 1 through 9 and 11 through 34 as if fully set forth herein.

41.   Defendant's acts have caused or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of the Infringing Safes, in that purchasers and others in this judicial district and elsewhere in the United States are likely to believe PepsiCo authorizes and controls the sale of the Infringing Safes or that Defendant is associated with or related to PepsiCo or authorized by PepsiCo to sell legitimate PEPSICO products.

42.   On information and belief, Defendant's acts have injured PepsiCo's image and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion about, and dissatisfaction with, PepsiCo's legitimate PEPSICO products.

43.   Defendant's advertising and sale of the Infringing Safes constitute trademark infringement of the PEPSICO marks in violation of California common law.

44.   Defendant's acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law.  Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendant from manufacturing, advertising and selling the Infringing Safes.

COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Unfair Competition In Violation Of Section 43(a) Of The Lanham Act)

45.     PepsiCo re-alleges paragraphs 1 through 9 and 11 through 34, as if fully set forth herein.

46.     Defendant's acts constitute unfair competition with PepsiCo in violation of Section 43(a) of the Lanham Act.  15 U.S.C. § 1125(a).

47.     Defendant's acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law.  Accordingly, PepsiCo is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendant from advertising and selling the Infringing Safes.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition In Violation Of California Bus. & Prof. Code Section 17200, *et seq.*)

48.     PepsiCo re-alleges paragraphs 1 through 9 and 11 through 34 as if fully set forth herein.

49.     Defendant's acts constitute unfair competition in violation of California Business & Professions Code §§ 17200, *et seq.*

50.     Defendant has intentionally traded upon and unfairly benefited from PepsiCo's valuable goodwill, reputation and substantial advertising and has been unjustly enriched thereby.

51.     Defendant has misappropriated for itself the commercial value of the PEPSI, DIET PEPSI, MOUNTAIN DEW, SIERRA MIST, and AQUAFINA trademarks and has adversely affected the value of PepsiCo's goodwill in these marks.

52.     Defendant's acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law.  Accordingly, PepsiCo is entitled to,

1    among other things, an order enjoining and restraining Defendant from advertising

2    and selling the Infringing Safes.

3    **FIFTH CLAIM FOR RELIEF**

4    **(Dilution In Violation Of Section 43(c) Of The Lanham Act)**

5          53.    PepsiCo re-alleges paragraphs 1 through 34 as if fully set forth

6    herein.

7          54.    Defendant's acts are likely to injure PepsiCo's valuable business

8    reputation and goodwill and are likely to dilute the distinctiveness of the famous

9    PEPSICO marks.

10         55.    On information and belief, Defendant's acts of dilution and

11   tarnishment were intentional and willful.

12         56.    Defendant's acts constitute dilution and tarnishment of

13   PepsiCo's famous PEPSICO marks in violation of Section 43(c) of the Lanham

14   Act.  15 U.S.C. § 1125(c).

15         57.    Defendant's acts greatly and irreparably damage PepsiCo and

16   will continue to so damage PepsiCo unless restrained by this Court; wherefore,

17   PepsiCo is without an adequate remedy at law.  Accordingly, PepsiCo is entitled to,

18   among other things, an order enjoining and restraining Defendant from advertising

19   and selling the Infringing Safes.

20   **SIXTH CLAIM FOR RELIEF**

21   **(Dilution In Violation Of California Bus. & Prof. Code Section 14247)**

22         58.    PepsiCo re-alleges paragraphs 1 through 9 and 11 through 34 as

23   if fully set forth herein.

24         59.    Defendant's acts of dilution and tarnishment are likely to dilute

25   the PEPSICO marks in violation of California Business & Professions Code §

26   14247.

27         60.    Defendant's acts greatly and irreparably damage PepsiCo and

28   will continue to so damage PepsiCo unless restrained by this Court; wherefore,

1  PepsiCo is without an adequate remedy at law.  Accordingly, PepsiCo is entitled to,

2  among other things, an order temporarily and permanently enjoining and restraining

3  Defendant from advertising and selling the Infringing Safes.

4  **PRAYER FOR RELIEF**

5  **WHEREFORE**, PepsiCo prays that:

6       1.     Defendant and its respective partners, officers, agents, servants,

7  employees, and attorneys, their successors and assigns, and all others in active

8  concert or participation with it, be enjoined and restrained during the pendency of

9  this action, and permanently thereafter, from using the PEPSICO marks or any

10 other marks that are likely to cause confusion with PepsiCo or the PEPSICO marks,

11 that are likely to result in unfair competition with PepsiCo, that dilute the

12 distinctiveness of the PEPSICO marks, or that injure or tarnish the PEPSICO marks

13 or the PEPSICO products;

14      2.     Defendant, and all others holding by, through or under them, be

15 required, jointly and severally, to:

16         a)     account for and pay over to PepsiCo all profits derived

17 from their acts of trademark infringement, unfair

18 competition, and dilution in accordance with 15 U.S.C. §

19 1117(a), and the laws of California and PepsiCo asks that

20 this profits award be trebled in accordance with 15 U.S.C.

21 § 1117(a) and California Business & Professions Code §

22 14250;

23         b)     pay to PepsiCo treble the amount of all damages incurred

24 by PepsiCo by reason of Defendant's acts of trademark

25 infringement, unfair competition and dilution in

26 accordance with 15 U.S.C. § 1117(a) and the laws of

27 California;

28         c)     pay to PepsiCo the costs of this action, together with

COMPLAINT

reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and the laws of California;

d)    pay restitution to PepsiCo, in accordance with California Business & Professions Code § 17203, for all loss, damage, and injury caused by Defendant's acts;

e)    deliver up for destruction all labels, signs, prints, boxes, packages, advertisements, catalogs, cans, containers, bottles and all promotional or other material in their possession or under their control bearing the PEPSICO marks or any other trademarks confusingly similar thereto in accordance with 15 U.S.C. § 1118;

f)    send, by United States mail, to each person or entity known to have been sent any Infringing Safes bearing the PEPSICO marks by Defendant, a letter, subject to the approval of PepsiCo, instructing that such Infringing Safes must not be sold, that Defendant shall refund the cost of these products, and that these products must be returned to Defendant at Defendant's cost; and

g)    file with the Court and serve on PepsiCo an affidavit setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

COMPLAINT

1           3.     PepsiCo has such other and further relief as the Court deems just

2  and equitable.

3

4  DATED: January 30, 2009        DREIER STEIN KAHAN
                                       BROWNE WOODS GEORGE LLP

5                                     William A. Finkelstein

6                           KAWAHITO & SHRAGA LLP

7                             David R. Shraga

8                         PATTISHALL, MCAULIFFE, NEWBURY
                                      HILLIARD & GERALDSON LLP

9                           Jonathan S. Jennings
                           J. Michael Monahan, II

10                         David C. Hilliard

11

12                  By: _____
                           DAVID R. SHRAGA

13                         Attorneys for Plaintiff
                         PEPSICO, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        COMPLAINT

1           3.     PepsiCo has such other and further relief as the Court deems just

2    and equitable.

3

4    DATED: January 30 2009       DREIER STEIN KAHAN

5                                        BROWNE WOODS GEORGE LLP
                                    William A. Finkelstein

6                                      KAWAHITO & SHRAGA LLP

7                                      David R. Shraga

8                                      PATTISHALL, MCAULIFFE, NEWBURY
                                    HILLIARD & GERALDSON LLP

9                                      Jonathan S. Jennings
                                  J. Michael Monahan, II

10                                     David C. Hilliard

11

12                               By: _____

13                                     DAVID R. SHRAGA
                                  Attorneys for Plaintiff
                                  PEPSICO, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      COMPLAINT